United States Bankruptcy Court
District of Massachusetts

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WILLIAM R. LEMASURIER, | ) | Chapter 7 |
| DEBTOR. | ) | Case No.07-44188-JBR |
| _____ | ) | |
| | ) | |
| JOHN A. BURDICK | ) | |
| PLAINTIFF, | ) | |
| v. | ) | ADV. PRO. NO. 08-4161 |
| MICHELLE DOLD | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

**DECISION AND ORDER REGARDING MOTION TO ALTER OR AMEND JUDGMENT OR FOR A NEW TRIAL AND TO AMEND FINDINGS  [# 24]**

This matter having come before the Court on the Motion to Alter or Amend Judgment or for a New Trial and to Amend Findings  **[# 24]** (the "Motion") and the Trustee's Opposition thereto [#25] and after due consideration of the Motion, the Opposition and the Court's decision read into the record on November 30, 2009, the Court hereby makes the following findings of fact and conclusions of law:

1.  A motion for a new trial is governed by Fed. R. Civ. P. 59 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023.  In a nonjury trial, a new trial may be granted "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  Fed. R. Civ. P. 59(a)(2).  The same rule permits a court in a nonjury trial to open a judgment when a new trial is requested in order to "take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P.

59(a)(2). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire,* 184 F.3d 481, 487 (5th Cir.1999). "A principle that strikes very deep is that a new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result." Wright and Miller, Federal Practice and Procedure § 2805 (2d Ed. 2009 Supp.).

  2. In many respects a motion under Fed., R. Bankr. P. 9023 is similar to one for relief from judgment under Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60. Reconsideration of a prior order or judgment under these rules is appropriate in limited circumstances, however, and only to correct a substantial injustice. Evidence that was available but not introduced does not meet the stardard in most instances. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A party may not submit evidence that is not newly discovered in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted). A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and same arguments previously presented. *Keyes v. National Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991).

  3. The Motion fails to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect the prior outcome. Indeed the point of the Motion is that the Defendant would now like to introduce documentary evidence to support her

testimony since the lack of such evidence was one reason why the Court rejected her testimony.

    4. In light of the above discussion, the Court need not address whether the time to file such motion when judgment entered on November 30, 2009,[1] is the 10-day limitation of prior Rule 59(b) or the new 14- day period.

    For the foregoing reasons, the Motion is hereby DENIED.

Dated: December 18, 2009

                                             Joel B. Rosenthal
                                             United States Bankruptcy Judge.

---

[1] The Motion incorrectly states that the order entered on December 3, 2009.